USCA1 Opinion

 

 June 13, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2168  LORRAINE GRISWOLD, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Sandra Susse on brief for appellant. ____________ Donald K. Stern, United States Attorney, Karen L. Goodwin, _________________ __________________ Assistant United States Attorney, and Jessie M. Klyce, Assistant ________________ Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed the record __________ and the briefs of the parties and agree with the decision of the district court for essentially the reasons stated in its Memorandum and Order, dated September 8, 1994. We add only the following comment. Aside from taking Pamelor, claimant did not undergo any treatment for her depression. She maintains that she had limited insight into her condition and, thus, did not realize the need for psychotherapy. The record indicates otherwise. In December 1988, claimant informed Dr. J. Stephen Fink, a consulting neurologist, that she was scheduled to see a psychological counselor. When she next saw Dr. Fink in July 1989, she stated that she never had pursued treatment for her depression. This reveals an awareness on claimant's part of the appropriateness of counseling. Further, personnel at Baystate Medical Center twice recommended that claimant undergo psychotherapy. The first occasion was in November 1990 after claimant expressed suicidal ideation. The second was in July 1991, but claimant refused the referral. Finally, Dr. Michael Bohnert, one of the examining consultants, indicated that psychotherapeutic intervention might significantly improve claimant's prognosis and, in a related vein, Dr. Elizabeth P. Hess, another examiner, opined that claimant needed a more aggressive course of medication. As we noted in Tsarelka v. Secretary of Health and ________ _______________________ Human Services, 842 F.2d 529 (1st Cir. 1988) (per curiam), _______________ the Social Security regulations require a claimant to follow restorative treatment prescribed by her physician. Id. at ___ 534 (citing 20 C.F.R. 404.1530(a)). The failure to observe prescribed treatment without good cause can lead to a finding of not disabled. Id. (citing 20 C.F.R. 404.1530(b)). ___ Indeed, gaps in the medical record which indicate a lack of treatment are "evidence" for purposes of the disability determination. Irlanda-Ortiz v. Secretary of Health and _____________ _________________________ Human Services, 955 F.2d 765, 769 (1st Cir. 1991) (per _______________ curiam).  Thus, claimant's disregard of the specific referrals to psychotherapy, as well as the lack of evidence to indicate that her medication ever was re-evaluated, are proper considerations. Based on this record, then, we cannot say that the Secretary of Health and Human Services erred in citing the lack of treatment as one of the reasons for the determination that claimant was not disabled. See id. ___ ___ (conflicts in the evidence are for the Secretary). In this case, we think, the absence of treatment is dispositive. The judgment of the district court is affirmed. ________ -3-